JUSTIN X. WANG (CSB #166183)
BAUGHMAN & WANG
111 Pine Street, Suite 1350
San Francisco, California 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929

Attorney for Plaintiff
Bailun ZHANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BAILUN ZHANG<br><br>           Plaintiff,<br><br>vs.<br><br>MICHAEL CHERTOFF, Secretary of the Department of Homeland Security;<br><br>           Defendants. | Case No.:<br><br>CV 08 2589 JW RS<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**<br><br>Immigration Case<br>8 USC section 1153(h)(3) |

Plaintiff, Bailun Zhang, by and through his undersigned Attorney, Sues Defendant and states as follows:

### I. INTRODUCTION

1. This action is brought against the Defendant to challenge its practice of refusing to use the original priority date of certain eligible I-130 petitioners their children now aged twenty-one or older, where prior to the child's 21st birthday, they had been derivative beneficiaries in their parent's I-130 application, pursuant to Section 203(h)(3) of the Immigration and Nationality Act (8 U.S.C. § 1153 (h)(3)), as amended by Congress, Pub L. No. 107-20, 116 Stat. 927, the Child Status Protection Act ("CSPA") in 2002. This action challenges the Defendant's actions as violating the Administrative

Procedures Act and seeks injunctive and declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, et seq.

## II. STATUTE IN QUESTION

2. Congress amended section 203(h)(3) of the Immigration and Nationality Act to provides as follows:

> RETENTION OF PRIORITY DATE- If the age of an alien is determined...to be 21 years of age or older..., the alien's petition shall automatically be converted to the appropriate category and the alien shall retain the original priority date issued upon receipt of the original petition. 8 U.S.C. § 1153 (h) (3)

3. Thus, Congress had specifically singled out the importance of allowing children named on their parents immigration petitions to retain their parents' original priority dates in cases where children are aged out at the time of immigrant visa application adjudication.

## III. PARTIES

4. Plaintiff, Bailun ZHANG, is a Permanent Resident of the United States. Plaintiff's sister, May Xuihong ZHANG, is a United States citizen who filed an immigrant visa application (Form I-130) on behalf of Plaintiff and his family and was granted a priority date of April 11th 1991 (Exhibit 1: National Visa Center notice dated June 2006). That visa number is now current and Plaintiff has immigrated to the United States from China with his wife as of May 2008. Plaintiff's son, Meihua ZHANG, was determined by the United States Consulate in Guangzhou, China, "aged out" under the CSPA and remains in China.

5. Defendant, Michael Chertoff, is the duly appointed Secretary of the Department of Homeland Security, and this action is brought against him in his official capacity. Defendant is generally charged

2

with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the DHS. 8 U.S.C. § 1103(a); 8 C.F.R. 2.1.

## IV. JURISDICTION

6. This Court has jurisdiction over the present action pursuant to 28 U.S.C. Sections 1331, 1361, Federal Question Jurisdiction; 28 U.S.C. § 2201, the Declaratory Judgment Act; and 5 U.S.C. § 701, et seq., the Administrative Procedures Act. Relief is requested pursuant to said statutes.

## V. VENUE

7. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(e), as amended, which provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority, or any agency of the United States, the action may be brought in any judicial district in which a defendant in the action resides, or where a substantial part of the events or omissions giving rise to the claim occurred, or where the Plaintiff resides where there is no real property involved in the action. No real property is involved in this action, Plaintiff, Bailun ZHANG, is a resident of the Northern District of California, and Defendant, the Department of Homeland Security, is an agency that operates within this district. Thus venue is proper in this district.

## VI. EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted all administrative remedies available and has determined that no adequate remedies exist. Congress passed the CSPA over six years ago, explicitly stating the rules for DHS in determining whether certain aliens are children, and the procedure to be followed with respect to their retention of the principle beneficiary's priority date as part of the new I-130 petition filed by the parent on behalf of the aged out child. See 8 U.S.C. § 1153(h) (3). Additionally, the Board of Immigration Appeals (BIA) has already ruled in an unpublished decision on the interpretation and

3

No. Plaintiff's Motion for Declaratory Judgment

application of section 203 (h) (3) of the CSPA in allowing an alien to retain her parent's original priority date. See *The Matter of Maria T. Garcia* 33 Immig. Rptr. B1-98. Nonetheless, Defendant has failed to promulgate regulations or issue policy memorandum in applying this law.

## VII. CAUSE OF ACTION

9. Plaintiff, Bailun ZHANG, brings this action on behalf of himself, as a Lawful Permanent Resident of the United States, and his son, Meihua ZHANG, a derivative beneficiary in the original I-130 application, who turned 21 years old prior to the date that Plaintiff's visa was issued.

10. Upon meeting all eligibility requirements, Plaintiff filed a timely Form I-130, Petition for Alien Relative, with the USCIS, specifically requesting that the Supervisor of the I-130 Unit, accord Plaintiff's son the original priority date of the old I-130, of April 11, 1991 pursuant to section 203 (h) (3) of the CSPA. Exhibit 2: Plaintiff's I-130 Receipt. Exhibit 3: Attorney's Letter to USCIS requesting the 1991 priority date dated See I-130 Receipt, Letter to USCIS I-130 Unit Supervisor.

11. Currently there is no DHS directive to promulgate section 203(h)(3) of the CSPA to date, such that Defendant does not refer to section 203(h)(3) of the CSPA in making determinations as to the aging out of children.

12. As a result of Defendants lack of directives to refer to section 203(h)(3) of the CSPA, in preserving the child status of certain children that would otherwise age out, Plaintiff and his wife will be forced to be separated from their son for at least 9 years, and Plaintiff's son will be forced to remain in China without parents for 9 more years.[1]

13. The Department of Homeland Security has acted contrary to CSPA section 203(h)(3) in denying the Plaintiff's son protection under the CSPA mandated by the Congress. Unless Defendant accords Plaintiff's son the original priority date of April 11, 1991, Plaintiff's son will have to wait for

---

[1] According to the State Department's June 2008 visa bulletin at http://travel.state.gov/visa/frvi/bulletin/bulletin_4231.html, Second preference unmarried son family based petitions from China that were assigned priority numbers as of August 1st 1999 are now current.

4

approximately 9 years to immigrant to the United States under family 2-B preference. Exhibit 4: Current visa bulletin issued by the Department of State).

14. Defendant owes Plaintiff the duty to act in accordance with laws passed by Congress, and has unreasonably failed to perform that duty.

15. Strong humanitarian factors genuinely exist in these circumstances. Plaintiff's son, Meihua ZHANG, has been unable to immigrate along with the rest of his family, and is left waiting for at least 9 years before he can do so. This family is truly suffering, as they feel they have let down their child, and know of no other legal avenue to enable the son to join his parents in the United States. Such feelings are the direct result of the refusal by the Department of Homeland Security to ensure that rules for determining whether certain aged out children can retain the old priority dates.

16. Plaintiffs have exhausted any administrative remedies that may exist. Alternatively, Plaintiff is unwilling to wait for 9 years for Defendant to accord his son the new priority date of May 12, 2008, when the new I-130 was filed. No other remedy exists for Plaintiffs to resolve Defendant's refusal to comply with the plain language of 8 U.S.C. § 1153 (h) (3).

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

(1) Assume jurisdiction of this cause.

(2) Declare that DHS's refusal to allow child beneficiaries of immigration petitions under INA section 203(a)(4) who are aged out to retain the original priority date of their parent, is contrary to the provision of 8 U.S.C. § 1153 (h) (3) "Retention of priority date".

(3) Compel Defendant and those acting under him to accord Plaintiff's I-130 the original priority date of April 11, 1991 and to process Plaintiff's I-130 to its conclusion;

5

(4) Compel the Defendant to promulgate regulations in order to apply 8 U.S.C. 1153(h)(3) within 60 days of the court ruling;

(5) Grant such other and further relief as this Court deems proper under the circumstance; and

(6) Grant attorneys fees and costs of court.

DATED: May 21, 2008

Respectfully submitted,

*Justin X. Wang*

Attorney for Plaintiff

## CERTIFICATION OF INTERESTED ENTITIES OR PERSON

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: May 21, 2008                                                      Respectfully submitted,

 

Justin X. Wang, Esq.
Attorney for Plaintiff

No. Plaintiff's Motion for Declaratory Judgment

## LIST OF ATTACHMENTS

| *Exhibit* | *Description* |
|---|---|
| 1. | National Visa Center Notice dated June 20, 2006 |
| 2. | I-130 Receipt filed by Plaintiff on May 12, 2008 |
| 3. | Attorney's letter to USCIS dated May 9, 2008 |
| 4. | Visa Bulletin of June, 2008 issued by the Department of State |

Ex. 1

**National Visa Center**
**32 Rochester Avenue**
**Portsmouth, NH 03801-2909**
Phone: (603) 334-0700
E-mail: NVCInquiry@state.gov

②

6-20-2006

June 20, 2006

||||||||||||||||||||||

BAI LUN ZHANG
NO. 12, LONG 45
KONG DING LU EAST
SHANGHAI
CHINA - MAINLAND

DEAR BAI LUN ZHANG:

The National Visa Center (NVC) has received your request to remove the petition listed below from the termination process (described below). The petition has been reentered into the normal NVC process.

NVC
一接收不取消
郭华 VISA 面知

The termination process, in accordance with INA 203(g), indicates that an alien's registration for an immigrant visa shall be terminated if, within one year after notification of the availability of an immigrant visa, the applicant fails to apply for an immigrant visa. The NVC notified a representative of this case (applicant, petitioner, or attorney) of the availability of an immigrant visa. A representative of this case did not contact the NVC for more than one year after receiving notification and subsequently the petition listed below entered the termination process.

Because a period of one year passed without contacting the NVC (by phone or mail), all submitted fees, and documents expired. Instructions for submitting fees and forms will be sent under separate cover.

一重送申请费
一重送件

| | |
|---|---|
| Case Number: | GUZ1994541002 |
| Petitioner's Name: | ZHANG, MAY XUIHONG |
| Beneficiary's Name: | ZHANG, BAI LUN |
| Preference Category: | F4 - BROTHERS AND SISTERS OF U.S. CITIZENS |
| Your Priority Date: | 11APR1991 |
| Foreign State Chargeability: | CHINA - MAINLAND |
| U.S. Embassy/Consulate: | GUANGZHOU |

Traveling Applicants: 申请人

| NAME | DOB | POB |
|---|---|---|
| ZHANG, BAI LUN | 03MAR1956 | CHINA - MAINLAND |
| NI, BEI LI | 01JAN1901 | CHINA - MAINLAND |
| ZHANG, MEI HUA | 01JAN1994 | CHINA - MAINLAND |

[DS4.06/20/2006]                                         Page 1 of 1

Ex. 2

Department of Homeland Security
U.S. Citizenship and Immigration Services

I-797C, Notice of Action

# THE UNITED STATES OF AMERICA

| Receipt Number: WAC-08-227-12946 | Case Type: I-130 - Petition for Alien Relative |
|---|---|
| Received Date: May 12, 2008 | Priority Date: | Petitioner: A059581027 ZHANG, BAILUN |
| Notice Date: May 16, 2008 | Page 1 OF 1 | Beneficiary: ZHANG, MEIHUA |

JUSTIN WANG
111 PINE STREET SUITE 1350
SAN FRANCISCO CA 94111

Notice Type:      Receipt Notice
Amount Received:  $355.00
Section:          Unmarried child 21/older of permanent resident, 203(a)(2)(B) INA

Receipt Notice - This notice confirms that USCIS received your application or petition ("this case") as shown above. If any of the above information is incorrect, please immediately call 800-375-5283 to let us know. This will help avoid future problems.

This notice does not grant any immigration status or benefit. It is not even evidence that this case is still pending. It only shows that the application or petition was filed on the date shown.

Processing Time - Processing times vary by kind of case. You can check our website at www.uscis.gov for our current processing times for this kind of case at the particular office to which this case is or becomes assigned. At our website's "case status online" page, you can also view status or sign up to receive free e-mail updates as we complete key processing steps in this case. During most of the time this case is pending, however, our systems will show only that the case has been received, and the processing status will not have changed, because we were working on other cases that were filed earlier than this one. We will notify you by mail, and show in our systems, when we make a decision on this case or if we need something from you. If you do not receive an initial decision or update from us within our current processing time, check our website or call 800-375-5283. Please save this notice and any other notice we send you about this case, and please make and keep a copy of any papers you send us by any means, along with any proof of delivery to us. Please have all these papers with you if you contact us about this case.

If this case is an I-130 Petition - Filing and approval of a Form I-130, Petition for Alien Relative, is only the first step in helping a relative immigrate to the United States. The beneficiaries of a petition must wait until a visa number is available before they can take the next step to apply for an immigrant visa or adjustment of status to lawful permanent residence. To best allocate resources, USCIS may wait to process forms I-130 until closer to the time when a visa number will become available, which may be years after the petition was filed. Nevertheless, USCIS processes forms I-130 in time not to delay relatives ability to take the next step toward permanent residence once a visa number does become available. If, before final action on the petition, you decide to withdraw your petition, your family relationship with the beneficiary ends, or you become a U.S. citizen, call 800-375-5283.

Applications requiring biometrics - In some types of cases USCIS requires biometrics. In such cases, USCIS will send you a SEPARATE appointment notice with a specific date, time and place for you to go to a USCIS Application Support Center (ASC) for biometrics processing. You must WAIT for that separate appointment notice and take it (NOT this receipt notice) to your ASC appointment along with your photo identification. Acceptable kinds of photo identification are: a passport or national photo identification issued by your country, a drivers license, a military photo identification, or a state issued photo identification card. If you receive more than one ASC application notice, even for different cases, take them both to the first appointment.

If your address changes - If your mailing address changes while your case is pending, call 800-375-5283 or use the "Online Change of Address" function on our website. Otherwise, you might not receive notice of our action on this case.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
U. S. Citizenship and Immigration Services
USCIS California Service Center
P.O. Box 30111
Laguna Niguel, CA 92607-0111



1032863    0103286309    Form I-797C (Rev. 01/31/05) N

Ex. 3

# BAUGHMAN & WANG

## ATTORNEYS AT LAW

San Francisco Main Office

111 Pine Street, Suite 1350
San Francisco, CA 94111
Telephone: (415) 576-9923
Facsimile: (415) 576-9929
Website: lawbw.com
Email: lawbw@aol.com

Fremont Office

39650 Liberty Street, Suite 240
Fremont, CA 94538
Telephone: (510) 623-9668
Facsimile: (510) 623-9498

May 9, 2008

Supervisor, I-130 Unit
USCIS, California Service Center
P O Box 10130
Laguna Niguel, CA 92607-1013

RE: ZHANG, Meihua (Beneficiary;
    ZHANG, Bailun (Petitioner)

## REQUEST TO RETAIN ORIGINAL PRIORITY DATE FOR ZHANG MEIHUA UNDER INA section 203(h)(3)

Dear Supervisor:

I have been retained by Bailun Zhang in his I-130 petition for his son, Meihua Zhang. My G-28 is attached to the form I-130.

The purpose of this letter is to request that your office to accord Mr. Meihua Zhang the original priority date of his father's I-130, filed in 1991 with the priority date of April 11, 1991. Meihua's father immigrated to the United States in May, 2008. Meihua was determined to be aged out under CSPA. He remains in China.

Under INA section 203(h)(3), Bailun Zhang's new I-130 can use the old priority date of April 13, 1991. Thus, Bailun's I-130 for his son should be adjudicated like an immediate relative as the priority date is current.

I would like to call your attention that an unpublished BIA decision also interpreted INA section 203(h)(3) to require the CIS to use the old priority date for the aged out son or daughter of the parent. For your convenience, I attach the decision herein.

I understand that at this time USCIS has not issued regulations or policy guidelines for the application of this section. I will file a declaratory judgment action in federal district court if USCIS refuses to accord Meihua the original priority date of April 13, 1991, as required by law.

Very truly yours,

Justin X. Wang, Esq.

Attachment: Matter of Garcia, A79 001 578 (6/16/2006) BIA decision.

Ex. 4

Number 119
Volume VIII
Washington, D.C.

# VISA BULLETIN FOR JUNE 2008

## A. STATUTORY NUMBERS

1. This bulletin summarizes the availability of immigrant numbers during **June**. Consular officers are required to report to the Department of State documentarily qualified applicants for numerically limited visas; the Bureau of Citizenship and Immigration Services in the Department of Homeland Security reports applicants for adjustment of status. Allocations were made, to the extent possible under the numerical limitations, for the demand received by May 8th in the chronological order of the reported priority dates. If the demand could not be satisfied within the statutory or regulatory limits, the category or foreign state in which demand was excessive was deemed oversubscribed. The cut-off date for an oversubscribed category is the priority date of the first applicant who could not be reached within the numerical limits. Only applicants who have a priority date **earlier than** the cut-off date may be allotted a number. Immediately that it becomes necessary during the monthly allocation process to retrogress a cut-off date, supplemental requests for numbers will be honored only if the priority date falls within the new cut-off date.

2. Section 201 of the Immigration and Nationality Act (INA) sets an annual minimum family-sponsored preference limit of 226,000. The worldwide level for annual employment-based preference immigrants is at least 140,000. Section 202 prescribes that the per-country limit for preference immigrants is set at 7% of the total annual family-sponsored and employment-based preference limits, i.e., 25,620. The dependent area limit is set at 2%, or 7,320.

3. Section 203 of the INA prescribes preference classes for allotment of immigrant visas as follows:

### FAMILY-SPONSORED PREFERENCES

**First:** Unmarried Sons and Daughters of Citizens: 23,400 plus any numbers not required for fourth preference.

**Second:** Spouses and Children, and Unmarried Sons and Daughters of Permanent Residents: 114,200, plus the number (if any) by which the worldwide family preference level exceeds 226,000, and any unused first preference numbers:

A. Spouses and Children: 77% of the overall second preference limitation, of which 75% are exempt from the per-country limit;

B. Unmarried Sons and Daughters (21 years of age or older): 23% of the overall second preference limitation.

**Third:** Married Sons and Daughters of Citizens: 23,400, plus any numbers not required by first and second preferences.

**Fourth:** Brothers and Sisters of Adult Citizens: 65,000, plus any numbers not required by first three preferences.

### EMPLOYMENT-BASED PREFERENCES

**First:** Priority Workers: 28.6% of the worldwide employment-based preference level, plus any numbers not required for fourth and fifth preferences.

**Second:** Members of the Professions Holding Advanced Degrees or Persons of Exceptional Ability: 28.6% of the worldwide employment-based preference level, plus any numbers not required by first preference.

**Third:** Skilled Workers, Professionals, and Other Workers: 28.6% of the worldwide level, plus any numbers not required by first and second preferences, not more than 10,000 of which to "Other Workers".

**Fourth:** Certain Special Immigrants: 7.1% of the worldwide level.

**Fifth:** Employment Creation: 7.1% of the worldwide level, not less than 3,000 of which reserved for investors in a targeted rural or high-unemployment area, and 3,000 set aside for investors in regional centers by Sec. 610 of P.L. 102-395.

4. INA Section 203(e) provides that family-sponsored and employment-based preference visas be issued to eligible immigrants in the order in which a petition in behalf of each has been filed. Section 203(d) provides that spouses and children of preference immigrants are entitled to the same status, and the same order of consideration, if accompanying or following to join the principal. The visa prorating provisions of Section 202(e) apply to allocations for a foreign state or dependent area

Visa Bulletin for June 2008                                                                 Page 2 of 4
Case 5:08-cv-02589-JW   Document 1   Filed 05/22/2008   Page 18 of 20

5. On the chart below, the listing of a date for any class indicates that the class is oversubscribed (see paragraph 1); "C" means current, i.e., numbers are available for all qualified applicants; and "U" means unavailable, i.e., no numbers are available. (NOTE: Numbers are available only for applicants whose priority date is earlier than the cut-off date listed below.)

| Family | All Chargeability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPPINES |
|---|---|---|---|---|---|
| 1st | 15MAR02 | 15MAR02 | 15MAR02 | 22JUL92 | 15MAR93 |
| 2A | 15JUL03 | 15JUL03 | 15JUL03 | 01MAY02 | 15JUL03 |
| 2B | 01AUG99 | 01AUG99 | 01AUG99 | 08APR92 | 22FEB97 |
| 3rd | 08JUN00 | 08JUN00 | 08JUN00 | 01AUG92 | 01APR91 |
| 4th | 22AUG97 | 01FEB97 | 01FEB97 | 15DEC94 | 08MAR86 |

*NOTE: For June, 2A numbers EXEMPT from per-country limit are available to applicants from all countries with priority dates earlier than 01MAY02. 2A numbers SUBJECT to per-country limit are available to applicants chargeable to all countries EXCEPT MEXICO with priority dates beginning 01MAY02 and earlier than 15JUL03. (All 2A numbers provided for MEXICO are exempt from the per-country limit; there are no 2A numbers for MEXICO subject to per-country limit.)

| | All Chargeability Areas Except Those Listed | CHINA-mainland born | INDIA | MEXICO | PHILIPPINES |
|---|---|---|---|---|---|
| Employment-Based | | | | | |
| 1st | C | C | C | C | C |
| 2nd | C | 01APR04 | 01APR04 | C | C |
| 3rd | 01MAR06 | 22MAR03 | 01NOV01 | 01JUL02 | 01MAR06 |
| Other Workers | 01JAN03 | 01JAN03 | 01JAN03 | 01JAN03 | 01JAN03 |
| 4th | C | C | C | C | C |
| Certain Religious Workers | C | C | C | C | C |
| 5th | C | C | C | C | C |
| Targeted Employment Areas/ Regional Centers | C | C | C | C | C |

The Department of State has available a recorded message with visa availability information which can be heard at: (area code 202) 663-1541. This recording will be updated in the middle of each month with information on cut-off dates for the following month.

Employment Third Preference Other Workers Category: Section 203(e) of the NACARA, as amended by Section 1(e) of Pub. L. 105-139, provides that once the Employment Third Preference Other Worker (EW) cut-off date has reached the priority date of the latest EW petition approved prior to November 19, 1997, the 10,000 EW numbers available for a fiscal year are to be reduced by up to 5,000 annually beginning in the following fiscal year. This reduction is to be made for as long as necessary to offset adjustments under the NACARA program. Since the EW cut-off date reached November 19, 1997 during Fiscal Year 2001, the reduction in the EW annual limit to 5,000 began in Fiscal Year 2002.

B. DIVERSITY IMMIGRANT (DV) CATEGORY

Section 203(c) of the Immigration and Nationality Act provides a maximum of up to 55,000 immigrant visas each fiscal year to permit immigration opportunities for persons from countries other than the principal sources of current immigration to the United States. The Nicaraguan and Central American Relief Act (NACARA) passed by

geographic regions. No one country can receive more than seven percent of the available diversity visas in any one year.

For June, immigrant numbers in the DV category are available to qualified DV-2008 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | 32,000 | Except:<br>Egypt: 22,000<br>Ethiopia: 17,750<br>Nigeria: 13,000 |
| ASIA | 11,900 | |
| EUROPE | 26,000 | |
| NORTH AMERICA (BAHAMAS) | 12 | |
| OCEANIA | 1,500 | |
| SOUTH AMERICA, and the CARIBBEAN | 1,700 | |

Entitlement to immigrant status in the DV category lasts only through the end of the fiscal (visa) year for which the applicant is selected in the lottery. The year of entitlement for all applicants registered for the DV-2008 program ends as of September 30, 2008. DV visas may not be issued to DV-2008 applicants after that date. Similarly, spouses and children accompanying or following to join DV-2008 principals are only entitled to derivative DV status until September 30, 2008. DV visa availability through the very end of FY-2008 cannot be taken for granted. Numbers could be exhausted prior to September 30.

C. ADVANCE NOTIFICATION OF THE DIVERSITY (DV) IMMIGRANT CATEGORY RANK CUT-OFFS WHICH WILL APPLY IN JULY

For **July**, immigrant numbers in the DV category are available to qualified DV-2008 applicants chargeable to all regions/eligible countries as follows. When an allocation cut-off number is shown, visas are available only for applicants with DV regional lottery rank numbers BELOW the specified allocation cut-off number:

| Region | All DV Chargeability Areas Except Those Listed Separately | |
|---|---|---|
| AFRICA | 38,050 | Except:<br>Egypt: 25,000<br>Ethiopia: 19,800<br>Nigeria: 14,650 |
| ASIA | 13,400 | |
| EUROPE | 29,000 | |
| NORTH AMERICA (BAHAMAS) | 13 | |

the CARIBBEAN

### D. MEXICO F2A VISA AVAILABILITY DURING THE COMING MONTHS

Continued heavy demand for numbers in the Mexico F2A category will require the retrogression of this cut-off date beginning in July to hold number use within the annual numerical limit.

### E. EMPLOYMENT THIRD PREFERENCE VISA AVAILABILITY

Demand for numbers, primarily by Citizenship and Immigration Services Offices for adjustment of status cases, is expected to bring the Employment Third preference category very close to the annual numerical limit in June. As a result, this category is likely to experience retrogressions or visa unavailability beginning in July. Such action would only be temporary, however, and a complete recovery of the cut-off dates would occur for October, the first month of the new fiscal year.

### F. OBTAINING THE MONTHLY VISA BULLETIN

The Department of State's Bureau of Consular Affairs offers the monthly "Visa Bulletin" on the INTERNET'S WORLDWIDE WEB. The INTERNET Web address to access the Bulletin is:

http://travel.state.gov

From the home page, select the VISA section which contains the Visa Bulletin.

To be **placed on** the Department of State's E-mail subscription list for the "Visa Bulletin", please send an E-mail to the following E-mail address:

listserv@calist.state.gov

and in the message body type:
**Subscribe Visa-Bulletin** *First name/Last name*
*(example: Subscribe Visa-Bulletin Sally Doe)*

To be **removed from** the Department of State's E-mail subscription list for the "Visa Bulletin", send an e-mail message to the following E-mail address:

listserv@calist.state.gov

and in the message body type: **Signoff Visa-Bulletin**

The Department of State also has available a recorded message with visa cut-off dates which can be heard at: (area code 202) 663-1541. The recording is normally updated by the middle of each month with information on cut-off dates for the following month.

Readers may submit questions regarding Visa Bulletin related items by E-mail at the following address:

VISABULLETIN@STATE.GOV

(This address cannot be used to subscribe to the Visa Bulletin.)

Department of State Publication 9514
CA/VO:May 8, 2008